UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| ROCKWOOD SELECT ASSET FUND XI, (6)-1, LLC,<br>    Plaintiff<br><br>    v.<br><br>DEVINE, MILLIMET & BRANCH and KAREN S. McGINLEY, ESQ.,<br>    Defendants | )<br>)<br>)<br>)<br>)    Docket No. 1:14-cv-00303-JL<br>)<br>)<br>)<br>) |

## DISCOVERY PLAN
### Fed. R. Civ. P. 26(f)

**DATE/PLACE OF CONFERENCE:** September 17, 2014, by telephone.

**COUNSEL PRESENT/REPRESENTING:** Norman Williams on behalf of Plaintiff and James Wheat on behalf of Defendants.

## CASE SUMMARY

**THEORY OF LIABILITY:** Defendants made misrepresentations in connection with a $1.625 million commercial loan.

**THEORY OF DEFENSE:** Defendants deny Plaintiff's factual and legal allegations and assert affirmative defenses as set forth in their Answer.

**DAMAGES:** $950,000 in loan principal, attorney fees and expenses paid by Plaintiff in an effort to work out the loan or realize on the collateral, and loss of the use of the funds by Plaintiff.

**DEMAND:**  November 3, 2014

**OFFER**:  December 1, 2014

**JURISDICTIONAL QUESTIONS:** Defendants reserve the right to challenge subject matter jurisdiction pending discovery.

**QUESTIONS OF LAW:** As may be defined by the pleadings of the parties. No specific issues of law for presentation to the Court have been identified by the Defendants at this juncture though the scope of the duty owed to Plaintiff is one issue which may be presented by motion. Another is the scope and application of the attorney-client privilege.

**TYPE OF TRIAL**: Jury

## DISCOVERY

**TRACK ASSIGNMENT:** STANDARD--12 MONTHS

**DISCOVERY NEEDED:**

Plaintiff will need discovery regarding an opinion letter and other representations made by Defendants. This discovery will need to include the production of all documents relating to the opinion letter and other representations made by defendants, including but not limited to all documents containing communications relating to the opinion letter and other representations. Plaintiff will also seek depositions, including but not limited to the depositions of Martha McAdam and Karen McGinley.

Defendants will need fact discovery of Plaintiff's agents concerning the allegations set forth in Plaintiff's Complaint and the affirmative defenses set forth in their Answer. At this time Defendants anticipate the need to depose Dan Purjes and Todd Enright.

**MANDATORY DISCLOSURES (Fed. R. Civ. P. 26(a)(1)):** Initial disclosures shall be completed by October 10, 2014.

**ELECTRONIC INFORMATION DISCLOSURES (Fed. R. Civ. P. 26(f)):**

a) Generally: The parties believe that discovery should be produced in text searchable electronic form. The parties agree to work together to preserve and exchange electronic discovery via mutually agreeable modes and methods, at mutually agreeable times.

b) ESI: Counsel have advised their respective clients to save and preserve all electronically stored information that may be relevant to this case.

c) Email: Counsel recognize that claims of privilege relating to emails may be asserted. No email to or from current counsel should be produced. Only emails relating to the subject matter of this case should be produced. Counsel agree to informally work out email search and production requests and only bring disputes to the Court if such talks fail.

d) Archival Data: Counsel presume that archival data exists. The parties agree that they shall tailor their discovery efforts and requests to avoid unduly burdensome discovery requests.

e) Format and Media: All electronic discovery, where possible, should be produced in text searchable electronic form. Text searchable Adobe PDF or TIFF shall be an appropriate electronic form for production. The media used may be flash drive, DVD, or CD. Nothing in

this Discovery Plan shall be construed to impose an obligation on any party to add functionality to a document where such functionality does not exist in the document's native format.

      f) Reasonably Accessible Information and Cost: If the party from which data is requested does not believe it is reasonably accessible, then they will serve such notice on the opposing party within 30 days, who may then have 14 days to refute such position.  If the parties cannot agree on production within 30 days thereafter, such dispute shall be submitted to the Court for resolution by the requesting party.

      g) Privileged or Trial Preparation Materials: inadvertently disclosed privileged or trial preparation materials shall be handled in accordance with Fed. R. Evid. 502.  Counsel shall endeavor to avoid such disclosure.  Counsel recognize that New Hampshire Rule of Professional Conduct 3.4 may impose obligations on the party requesting discovery with respect to materials that they know or reasonably should know have been produced inadvertently.

**STIPULATION REGARDING CLAIMS OF PRIVILEGE/PROTECTION OF TRIAL PREPARATION MATERIALS (Fed. R. Civ. P. 26(f)):**

      The parties agree that should materials protected by the attorney-client privilege and/or the work product doctrine, or other privileged or confidential documents be inadvertently produced during discovery, the receiving party will voluntarily return any and all inadvertently produced material protected from disclosure to the other party, destroy any copies made, and agree such inadvertent disclosure will not constitute a general waiver of privilege.  Should it be necessary, the parties agree to collaborate on a protective order acceptable to Plaintiff and Defendant.

**COMPLETION OF DISCOVERY:**
      (1)    Date all discovery complete: September 17, 2015.
      (2)    If there are issues for early discovery, date for completion of discovery on those issues: Not Applicable

**INTERROGATORIES:**
      A maximum of 25 interrogatories by each party to any other party. Responses due 30 days after service unless otherwise agreed to pursuant to Fed. Civ. P. 29.

**REQUESTS FOR ADMISSION:**
      A maximum of 50 requests for admission by each party to any other party.
Responses due 30 days after service unless otherwise agreed to pursuant to Fed. Civ. P. 29.

**DEPOSITIONS:**
      A maximum of 10 depositions by Plaintiff and 10 by Defendants.
      Each deposition limited to a maximum of 7 hours unless extended by agreement of the parties.

**DATES OF DISCLOSURE OF EXPERTS AND EXPERTS' WRITTEN REPORTS AND SUPPLEMENTATIONS:**
    Plaintiff: May 1, 2015    Defendant: June 15, 2015
    Supplementations under Rule 26(e) due in accordance with the Rules of Civil Procedure.

The parties have not agreed to a different form of expert disclosure than that specified in Fed. R. Civ. P. 26(a)(2).

**CHALLENGES TO EXPERT TESTIMONY:**
    Due date: October 2, 2015

## OTHER ITEMS

**DISCLOSURE OF CLAIMS AGAINST UNNAMED PARTIES:** If defendant(s) claim that unnamed parties are at fault on a state law claim (*see DeBenedetto v. CLD Consulting Engineers, Inc.*, 153 N.H. 793 (2006)), defendant(s) shall disclose the identity of every such party and the basis of the allegation of fault no later than November 15, 2014. Plaintiff shall then have 30 days from the date of disclosure to amend the complaint.

**JOINDER OF ADDITIONAL PARTIES:**
    January 5, 2015

**THIRD-PARTY ACTIONS**: January 1, 2015

**AMENDMENT OF PLEADINGS:**

    *See* Other Matters, *infra*.

**DISPOSITIVE MOTIONS:**
    **To Dismiss**: January 30, 2015.
    **For Summary Judgment**: October 2, 2015.

**SETTLEMENT POSSIBILITIES:**
Unknown
**JOINT STATEMENT RE MEDIATION:**
    Mediation, if any, will occur after July 1, 2015.

**WITNESSES AND EXHIBITS:**
    In accordance with Local Rule 16.2.

**TRIAL ESTIMATE:** 3-4 days

**TRIAL DATE:** Week of February 15 or 22, 2016.

**PRELIMINARY PRETRIAL CONFERENCE:** The parties do not request a preliminary pretrial conference with the court before entry of the scheduling order.

- 5 -

**OTHER MATTERS:**  The parties have a dispute regarding the right to make amendments to the pleadings.

                            Respectfully submitted,

                            DEVINE, MILLIMET & BRANCH, P.A., AND KAREN S. McGINLEY

                            By their attorneys,

                            WADLEIGH, STARR & PETERS, P.L.L.C.

Dated:  September 23, 2014.        By /s/ James C. Wheat_____
                            James C. Wheat – No. 2721
                            95 Market Street
                            Manchester, NH   03101
                            (603) 669-4140